IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:09-CR-79-004 |
| v. | ) | |
| | ) | |
| DAVID JAMES CHAMBLEE, JR. | ) | JUDGE JORDAN |

## AGREED ORDER OF REVOCATION

A Petition for Revocation of Supervised Release has been filed against the Defendant, David James Chamblee, Jr. The Defendant admits that he has violated each of the violations outlined by the Petition.

An agreement has been reached between the parties, recommending that the Defendant's supervised release should be revoked and that he should receive a sentence of eight (8) months of imprisonment to be followed by twenty-four (24) months of supervised release. The parties also agree that the Defendant's supervised release should include the special condition that he serve up to six (6) months at the Midway Rehabilitation Center and abide by the program rules and regulations. All other previously-imposed conditions of release should remain in place. The parties further agree the Defendant should be recommended for housing at a Bureau of Prisons facility in close proximity to Eastern Tennessee.

The Defendant waives his right to a hearing pursuant to Rule 32 of the Rules of Criminal Procedure, waives his right to allocute at a revocation hearing, and asks that the agreement of the Defendant and the government pursuant to Rule 11 of the Federal Rules of Criminal Procedure be found to be a proper sentence.

This Court has considered the Chapter Seven policy statements in the United States Sentencing Guidelines. The violations committed by the Defendant are "Grade B" and "Grade C" violations. The Defendant's criminal history category is III. The advisory Guideline range is 8 - 14 months, and there is a statutory maximum of 24 months imprisonment. The Court has also considered the factors listed in 18 U.S.C. § 3553(a).

The Court finds that the recommended sentence is sufficient but not greater than necessary to comply with the statutory purpose set forth in 18 U.S.C. § 3553(a). The recommended sentence is within the statutory maximum, is necessary to reflect the seriousness of the offenses committed by the Defendant, promote respect for the law, and deter others who violate supervised release.

Based on the foregoing, the Court concludes that the recommended sentence is sufficient, but not greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553(a) while taking into consideration all of those factors and the Chapter Seven policy statements.

IT IS ORDERED, therefore, that the Defendant's supervised release is hereby REVOKED. The Defendant is sentenced to a term of eight (8) months of imprisonment to be followed by twenty-four (24) months of supervised release. All previously-imposed conditions of release shall remain in place. It is further ordered that his supervised release shall include the special condition that the Defendant serve up to six (6) months at the Midway Rehabilitation Center and abide by the program rules and regulations. It is also recommended that his sentence be served at a Bureau of Prisons facility in close proximity to Eastern Tennessee.

ENTER this the 5th day of Aug, 2014.

_____
Hon. R. Leon Jordan
United States District Judge

APPROVED FOR ENTRY:

_____
David P. Lewen
Assistant U.S. Attorney

_____
Bobby E. Hutson, Jr.
Assistant Federal Defender

_____
David James Chamblee, Jr.
Defendant

Trine Robinette (Bobby Hutson /by permission)
_____
Trine Robinette
U.S. Probation Officer